# Supreme Court of Florida

_____

No. SC2023-1401
_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION.**

March 20, 2025
**CORRECTED OPINION**

PER CURIAM.

The Florida Bar's Rules of General Practice and Judicial Administration Committee proposes the addition of new rules 2.345 (Electronic Signature of Court Official) and 2.511 (Florida Courts E-filing Portal), as well as amendments to rules 2.514 (Computing and Extending Time), 2.515 (Signature and Certificates of Attorneys and Parties), 2.516 (Service of Pleadings and Documents), 2.520 (Documents), and 2.525 (Electronic Filing).[1]

The Board of Governors of The Florida Bar unanimously recommends acceptance of the proposed rules and amendments.

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

The Court published the proposed amendments for comment, and two comments were received. The Committee filed a response to the comments, along with a revised proposal.

We amend the Florida Rules of General Practice and Judicial Administration as modified by the Committee in response to the comments, with additional changes to rules 2.345 and 2.516. We discuss the more significant amendments below.

First, new rule 2.345 pertains to the authentication of signatures of court officials. However, we revise the language proposed by the Committee to provide that "[a] document in the official court file that purports to be signed by a judge or other court official is presumed to be authentic" and that "[t]he clerk shall place such a document in the official court file only after authenticating it according to the Florida Courts Technology Standards."

Next, new rule 2.511 defines the Portal as the central electronic court filing facility for all Florida courts, explains the registration process for filers, sets the general guidelines for access to Portal pages, establishes the governance structure for the Portal, and specifically authorizes the authority to make operational decisions regarding the Portal.

Rule 2.514 is amended to replace "midnight" with "11:59:59 p.m., eastern time" to clarify electronic filing and service deadlines. Further, the word "only" is added before mail so that the additional five days' mailing time applies only if service is made solely by mail.

Rule 2.515 and several of its subdivisions are retitled. In rule 2.515, we also add that every document "filed or served must be signed" not only by the attorney but also by an "unrepresented party, or other person authorized by law to file or serve the document." The rule now specifies that "the act of filing a document constitutes the filer's signature" unless an exception under (b)(1)(B) applies. Subdivision (b)(1)(B) explains that "when an attorney files a document on behalf of an unrepresented party as permitted in subdivision (b)(1)(A)(iii) and when the filing attorney's signature is omitted from the document, the act of filing that document does not constitute the filer's signature." Finally in rule 2.515, we revise the signature block requirements and add a new subdivision detailing the representations a filer makes to the court by filing a document.

Next, rule 2.516 is retitled and amended to require that documents filed through the Portal also be served through the

Portal's e-service function. Additionally, the amended rule requires documents that are served but not filed to be served by attaching the document in PDF format to an e-mail message and transmitting it to the recipient's e-mail address. However, we amend the Committee's proposed subdivision (b)(3)(A) to state that "[a]n unrepresented party who is in custody or who has signed the declaration on Form 2.601 may serve paper documents."

Rule 2.520(a) is retitled and rewritten to address formatting requirements for documents that are filed under rule 2.525 or served under rule 2.516. Subdivision (b) is retitled and amended to require that electronic documents "comply with the Florida Courts Technology Standards." We retitle subdivision (d) and amend it to require that "[d]ocuments that are not created by an attorney or unrepresented party for filing or service must be appended as exhibits to a document prepared under subdivision (a)" and provide that these exhibits are not subject to the requirements set forth in subdivision (a).

Last, rule 2.525 is retitled and revised to require Florida licensed attorneys to file through the Portal. Unrepresented parties who are not members of The Florida Bar or attorneys admitted pro

hac vice may elect to file through the Portal or other designated electronic court filing facility.  Once such individual makes a filing election, it may not be withdrawn without leave of court.  Also, under the amended rule, clerks are obligated to make a document submitted for filing part of the official court file and index it in the progress docket unless there is an issue with the document that is included on the list under subdivision (f)(1)(A)-(G).  In that case, the document will be placed in a correction queue for 30 days, during such time the party that filed the document can motion for review of the clerk's action, file a corrected document, or abandon the filing.

Accordingly, the Florida Rules of General Practice and Judicial Administration are amended as set forth in the appendix to this opinion.  New language is indicated by underscoring; deletions are indicated by struck-through type.  The amendments will become effective July 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of General Practice and Judicial Administration

Hon. Santo DiGangi, Chair, Rules of General Practice and Judicial Administration Committee, West Palm Beach, Florida, Kristin A. Norse, Past Chair, Rules of General Practice and Judicial Administration Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly Noel Smith, Staff Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

Kristina Samuels, Clerk, First District Court of Appeal, Tallahassee, Florida, Mary Elizabeth Kuenzel, Clerk, Second District Court of Appeal, Tampa, Florida, Mercedes Maria Prieto, Clerk, Third District Court of Appeal, Miami, Florida, Lonn Weissblum, Clerk, Fourth District Court of Appeal, West Palm Beach, Florida, and Sandra Boyd Williams, Clerk, Fifth District Court of Appeal, Daytona Beach, Florida; and Lynn M. Hoshihara of Nabors, Giblin & Nickerson, P.A., on behalf of the Florida Courts E-Filing Authority, Tallahassee, Florida,

     Responding with comments

# APPENDIX

## RULE 2.345.    ELECTRONIC SIGNATURE OF COURT OFFICIAL

A document in the official court file that purports to be signed by a judge or other court official is presumed to be authentic. The clerk shall place such a document in the official court file only after authenticating it according to the Florida Courts Technology Standards.

## RULE 2.511.    FLORIDA COURTS E-FILING PORTAL

**(a)    Electronic Filing Portal.** The Florida Courts E-Filing Portal (portal), accessible on the Internet at http://myflcourtaccess.com, is the central electronic court filing facility that accepts documents for filing in Florida courts, transmits them to the clerks, and can effect automated service via e-mail on all registered attorneys and parties associated with a case. All court documents must be filed through the portal unless:

(1)    an order of the Chief Justice of the Florida Supreme Court designates a different facility for e-filing in a particular court, in which case that facility must be used instead of the portal and the published requirements of that facility control over the contents of this rule; or

(2)    the document is submitted in paper form for filing when permitted by rule 2.525(c).

**(b)    Credentials for Access to Portal.** To use the portal, a person must become a "registered user" and obtain login credentials by registering with the portal according to its instructions. The following conditions apply.

(1)    Information provided to obtain credentials must accurately identify the registered user by name, address, telephone number, e-mail address, and, when applicable, Florida Bar Number, law firm, or institution. The registered user must keep this information current. The registered user must designate at least 1,

and no more than 3, e-mail addresses for service through the portal.

(2)     Access to nonpublic pages of the portal is permitted only if:

(A)     a registered user obtains entry with the login credentials issued to that user;

(B)     a person uses a registered user's login credentials to obtain entry at the direction of the registered user; or

(C)     otherwise expressly permitted by the Florida Courts E-Filing Authority.

(3)     The registered user is responsible for protecting the security of the user's login credentials and for maintaining a current e-mail address for service of documents. The registered user is a filer, and, except for documents filed and signed under rule 2.515(b)(1)(B), a signer of any document submitted using the registered user's credentials. Any act done using the credentials is the personal act of the registered user for all purposes.

**(c)     Portal Authority.** The Florida Courts E-Filing Authority (authority), created by an interlocal agreement between each of the trial court clerks of court and the Florida Supreme Court clerk, operates the portal. The authority may make operational decisions that facilitate those functions, subject to applicable statutes, rules, administrative orders of the Florida Supreme Court, and the technical standards approved by the Florida Courts Technology Commission or the Florida Supreme Court. The authority is authorized to publish instructions and instructional materials consistent with the portal's functions. The authority is also authorized to enter into contracts for additional services with individuals and institutions, including without limitation exposure of application program interfaces, web services, and batch filing.

**RULE 2.514.  COMPUTING AND EXTENDING TIME**

**(a)  Computing Time.** The following rules apply in computing time periods specified in any rule of procedure, local rule, court order, or statute that does not specify a method of computing time.

(1)  *Period Stated in ~~a~~ 7 Days or ~~a~~ Longer ~~Unit~~.* When the period is stated in days or a longer unit of time:

(A)  [No Change]

(B)  count every day, including ~~intermediate~~the Saturdays, Sundays, and legal holidays that fall in between the first day counted and the last day counted; and

(C)  include the last day of the period~~, but if the last day is a Saturday, Sunday, or legal holiday, or falls within any period of time extended through an order of the chief justice under Florida Rule of General Practice and Judicial Administration 2.205(a)(2)(B)(iv), the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday and does not fall within any period of time extended through an order of the chief justice~~ except if the last day is Saturday, Sunday, a legal holiday, or falls within a time extended by order of the chief justice, then the last day will fall on the next day that is not Saturday, Sunday, a legal holiday, or any period of time extended through an order of the chief justice.

(2)  *~~Period Stated in Hours. When the period is stated in hours~~*

~~(A)  begin counting immediately on the occurrence of the event that triggers the period;~~

~~(B)  count every hour, including hours during intermediate Saturdays, Sundays, and legal holidays; and~~

~~(C)  if the period would end on a Saturday, Sunday, or legal holiday, or during any period of time extended~~

- 9 -

~~through an order of the chief justice under Florida Rule of General Practice and Judicial Administration 2.205(a)(2)(B)(iv), the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday and does not fall within any period of time extended through an order of the chief justice.~~

(3) *Period Stated in Days Less Than ~~Seven~~7 Days.* When the period stated in days is less than 7 days, ~~intermediate~~ Saturdays, Sundays, and legal holidays ~~shall be excluded in the computation~~are not counted.

(3) *Period Stated in Hours.* When the period is stated in hours:

(A) begin counting immediately on the occurrence of the event that triggers the period;

(B) count every hour, including hours during Saturdays, Sundays, and legal holidays; and

(C) if the period would end on a Saturday, Sunday, or legal holiday, or during any period of time extended through an order of the chief justice, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday and does not fall within any period of time extended through an order of the chief justice.

(4) *"Last Day" Defined.* Unless a different time is set by a statute, local rule, or court order, the last day ends:

(A) ~~for electronic filing or for service by any means, at midnight~~11:59:59 p.m., eastern time for electronic filing or for service by any means; ~~and~~or

(B) ~~for filing by other means,~~ when the clerk's office is scheduled to close for filings other than electronic.

(5) [No Change]

(6) *"Legal Holiday" Defined.* "Legal holiday" means:

- 10 -

(A)    [No Change]

(B)    any day observed as a holiday by the clerk's office or as designated by the chief justice or chief judge.

**(b)    Additional Time after Service by Mail.** When a party may or must act within a specified time after service and service is made by only mail, 5 days are added after the period that would otherwise expire under subdivision (a).

**RULE 2.515.    SIGNATURE AND ~~CERTIFICATES OF ATTORNEYS AND PARTIES~~REPRESENTATIONS TO COURT**

**(a)    ~~Attorney's Signature and Certificates~~Required**. Every document ~~of a party represented~~filed or served must be signed by ~~an~~the attorney, unrepresented party, or other person authorized by law to file or serve the document~~must be signed by at least 1 attorney of record in that attorney's individual name whose current record Florida Bar address, telephone number, including area code, primary e-mail address and secondary e-mail addresses, if any, and Florida Bar number must be stated, and who must be duly licensed to practice law in Florida or who must have received permission to appear in the particular case~~ as provided in this rule ~~2.510~~. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken by the court and the action may proceed as though the document had not been filed or served. ~~The attorney may be required by the court to give the address and primary e-mail address and secondary e-mail addresses, if any, of, and to vouch for the attorney's authority to represent, the party. Except when otherwise specifically provided by an applicable rule or statute, documents need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by the attorney that:~~

~~(1)    the attorney has read the document;~~

~~(2)    to the best of the attorney's knowledge, information, and belief there is good ground to support the document;~~

~~(3)    the document is not interposed for delay; and~~

- 11 -

(4)   the document contains no confidential or sensitive information, or that any such confidential or sensitive information has been properly protected by complying with the provisions of rules 2.420 and 2.425. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the document had not been served.

**(b)   Pro Se LitigantActs Constituting Signature.** A party who is not represented by an attorney must sign any document and state the party's address; primary e-mail address and secondary e-mail addresses, if any; and telephone number, including area code.

(1)   *Electronically Filed Documents.*

(A)   Except as provided in subdivision (b)(1)(B) below, the act of filing a document constitutes the filer's signature. The signature of each person who is not the filer must be identified as a signer within the document in one of the following ways:

(i)   by an electronic signature indicator in the signature block;

(ii)   by an electronic signature permitted by law and in accordance with the Florida Courts Technology Standards; or

(iii)   when an attorney is filing a document on behalf of an unrepresented party, by the:

a.   placement of an electronic signature indicator above the printed name of the unrepresented party on whose behalf the filing is being made and who has requested that the attorney affix the unrepresented party's electronic signature indicator and file the document; or

b.   signature of the unrepresented party in any form recognized by law on the paper document and the inclusion of that document as part of an electronically filed document or with a notice of filing containing the style of the case, the name of the document, and certificate of service.

The electronic signature indicator may be an "/s/" in front of the signer's printed name or may be in any other form that meets with the Florida Courts Technology Standards.

(B)    Notwithstanding (A) above, when an attorney files a document on behalf of an unrepresented party as permitted in subdivision (b)(1)(A)(iii) and when the filing attorney's signature is omitted from the document, the act of filing that document does not constitute the filer's signature.

(2)    *Paper Documents.* A person submitting a paper document for filing under rule 2.525(c) must sign the document before submitting it, using any form of signature recognized by law. The person submitting the document becomes its filer for purposes of this rule.

(3)    *Served Documents.* For documents served, but not contemporaneously filed, the act of serving constitutes the server's signature and the signature of each person identified as a signer.

(c)    ~~Form of~~ Signature Block. A document signed under this rule must include a signature block containing the filer and each signer's name, electronic signature indicator, mailing address, telephone number, and e-mail address for service of court documents (if the document is filed or served electronically). If the signer is an attorney, the signature block must also include the signer's Florida Bar number and the party the signer represents. If a signer is represented by an attorney who is also a signer, then only the attorney's information is required.

(1)    ~~The signatures required on documents by subdivisions (a) and (b) of this rule may be:~~

(A)    ~~original signatures;~~

(B)    ~~original signatures that have been reproduced by electronic means, such as on electronically transmitted documents or photocopied documents;~~

- 13 -

(C) an electronic signature indicator using the "/s/," "s/," or "/s" [name] formats authorized by the person signing a document electronically served or filed; or

(D) any other signature format authorized by general law, so long as the clerk where the proceeding is pending has the capability of receiving and has obtained approval from the Supreme Court of Florida to accept pleadings and documents with that signature format.

(2) By serving a document, or by filing a document by electronic transmission using an attorney's assigned electronic filing credentials:

(A) that attorney certifies compliance with subdivision (a)(1) through (a)(4) and accepts responsibility for the document for all purposes under this rule;

(B) that attorney certifies compliance with all rules of procedure regarding service of the document on attorneys and parties;

(C) that attorney certifies that every person identified as a signer in the document as described in subdivision (c)(1)(C) has authorized such signature; and

(D) every signing attorney is as responsible for the document as if that document had been served by such signing attorney or filed using the assigned electronic filing credentials of such signing attorney.

**(d)   Representation to Court.**

(1)   *Representation by Filer.* By filing a document under rule 2.525, the filer represents that:

(A)   the filer has complied with all rules of procedure regarding filing and service of the document;

(B)    every person identified as a signer has authorized that person's signature and the filer accepts responsibility for proving that authority if it is later disputed; and

(C)    the document contains no confidential or sensitive information, or that any confidential or sensitive information has been properly protected by complying with rules 2.420 and 2.425.

(2)    *Representation by Signer.* On filing, each signer represents that:

(A)    the signer has read the document;

(B)    to the best of the signer's knowledge, information, and belief, there are good grounds to support the document; and

(C)    the document is not interposed for delay.

(3)    *Representation by Person Serving.* A person serving a document under rule 2.516 makes the same representations contained in subdivisions (d)(1) and (d)(2).

## RULE 2.516.    SERVICE ~~OF PLEADINGS AND DOCUMENTS~~

(a)    **Service of Filed Documents; When ~~Required~~**. ~~Unless the court otherwise orders, or a statute or supreme court administrative order specifies a different means of service, every pleading subsequent to the initial pleading and every other document filed in any court proceeding, except applications for witness subpoenas and documents served by formal notice or required to be served in the manner provided for service of formal notice, must be served in accordance with this rule on each party. No service need be made on parties against whom a default has been entered, except that pleadings asserting new or additional claims against them must be served in the manner provided for service of summons.~~ The filer of a document must serve it on all other parties as provided in this rule unless:

- 15 -

(1)	the document is the first pleading filed in the action and is being served under the statutes and rules applicable to service of process;

(2)	a statute, rule, or administrative court order of the Florida Supreme Court provides for a different method of service, and the document is served under that method;

(3)	a statute, rule, or court order requires or permits the document to be filed without being served;

(4)	the document is an application for a witness subpoena; or

(5)	a default has been entered against the party and service is not required by law or another court rule.

**(b)	Service; How Made.** ~~When service is required or permitted to be made upon a party represented by an attorney, service must be made upon the attorney unless service upon the party is ordered by the court.~~ Service must be made as follows unless the parties agree otherwise.

(1)	*Portal* ~~*Service by Electronic Mail ("e- mail")*~~*.* ~~All documents required or permitted to be served on another party must be served by e-mail, unless the parties otherwise stipulate or this rule otherwise provides. A filer of an electronic document has complied with this subdivision if the Florida Courts e-filing Portal ("Portal") or other authorized electronic filing system with a supreme court approved electronic service system ("e-Service system") served the document by e-mail or provided a link by e-mail to the document on a website maintained by a clerk ("e-Service"). The filer of an electronic document must verify that the Portal or other e-Service system uses the names and e-mail addresses provided by the parties pursuant to subdivision (b)(1)(A).~~ Documents filed through the portal must be served using the portal's e-service function. The portal will transmit a copy of the document electronically to each address on the service list, including the filer. Service on each listed recipient is complete on filing, but the filer

must immediately serve by any permitted means any intended recipient that the filer learns did not receive a filed document.

(A) Service on Attorneys. Unless excused pursuant to subdivision (b)(1)(B), upon appearing in a proceeding an attorney must designate a primary e-mail address and may designate no more than two secondary e-mail addresses and is responsible for the accuracy of and changes to that attorney's own e-mail addresses maintained by the Portal or other e-Service system. Thereafter, service must be directed to all designated e-mail addresses in that proceeding. Every document filed or served by an attorney thereafter must include the primary e-mail address of that attorney and any secondary e-mail addresses. If an attorney does not designate any e-mail address for service, documents may be served on that attorney at the e-mail address on record with The Florida Bar.

(B) Exception to E-mail Service on Attorneys. Upon motion by an attorney demonstrating that the attorney has no e-mail account and lacks access to the Internet at the attorney's office, the court may excuse the attorney from the requirements of e-mail service. Service on and by an attorney excused by the court from e-mail service must be by the means provided in subdivision (b)(2).

(C) Service on and by Parties Not Represented by an Attorney. Unless excused pursuant to subdivision (b)(1)(D), any party not represented by an attorney must serve a designation of a primary e-mail address and also may designate no more than two secondary e-mail addresses to which service must be directed in that proceeding by the means provided in subdivision (b)(1) of this rule.

(D) Exceptions to E-mail Service on and by Parties Not Represented by an Attorney.

(i) A party who is in custody and who is not represented by an attorney is excused from the requirements of e-mail service.

- 17 -

(ii)     The clerk of court must excuse a party who is not represented by an attorney from the requirements of e-mail service if the party declares on Florida Rule of General Practice and Judicial Administration Form 2.601, under penalties of perjury, that the party does not have an e-mail account or does not have regular access to the Internet. The clerks of court shall make this form available to the public at their offices and on their websites.

If a party not represented by an attorney is excused from e-mail service, service on and by that party must be by the means provided in subdivision (b)(2).

(E)     Time of Service. Service by e-mail is complete on the date it is sent.

(i)     If, however, the e-mail is sent by the Portal or other e-Service system, service is complete on the date the served document is electronically filed.

(ii)     If the person required to serve a document learns that the e-mail was not received by an intended recipient, the person must immediately resend the document to that intended recipient by e-mail, or by a means authorized by subdivision (b)(2) of this rule.

(F)     Format of E-mail for Service. Service of a document by e-mail is made by an e-mail sent to all addresses designated by the attorney or party not represented by an attorney with either (a) a copy of the document in PDF format attached or (b) a link to the document on a website maintained by a clerk.

(i)     All documents served by e-mail must be sent by an e-mail message containing a subject line beginning with the words "SERVICE OF COURT DOCUMENT" in all capital letters, followed by the case number and case style of the proceeding in which the documents are being served.

(ii)     The body of the e-mail must identify the court in which the proceeding is pending, the case number, the name of the initial party on each side, the title of each document

- 18 -

served with that e-mail, and the name and telephone number of the person required to serve the document.

(iii) Any document served by e-mail may be signed by any of the "/s/," "/s," or "s/" formats.

(iv) Any e-mail which, together with its attached documents, exceeds the appropriate size limitations specified in the Florida Supreme Court Standards for Electronic Access to the Court, must be divided and sent as separate e-mails, no one of which may exceed the appropriate size limitations specified in the Florida Supreme Court Standards for Electronic Access to the Court and each of which must be sequentially numbered in the subject line.

(2) *E-mail Service by Other Means*. In addition to, and not in lieu of, service by e-mail, service may also be made upon attorneys and parties not represented by an attorney by any of the means specified in this subdivision. If a document is served by more than one method of service, the computation of time for any response to the served document must be based on the method of service that provides the shortest response time. Service on and by all parties who are not represented by an attorney and who are excused from e-mail service, and on and by all attorneys excused from e-mail service, must be made by delivering a copy of the document or by mailing it to the party or attorney at their last known address or, if no address is known, by noting the non-service in the certificate of service, and stating in the certificate of service that a copy of the served document may be obtained, on request, from the clerk of the court or from the party serving the document. Service by mail is complete upon mailing. Delivery of a copy within this rule is complete upon:

(A) handing it to the attorney or to the party,On Unrepresented Parties. A party not represented by an attorney must file and serve a designation of a primary e-mail address and up to 2 additional e-mail addresses for service using Florida Rule of General Practice and Judicial Administration Form 2.602 unless the unrepresented party:

- 19 -

(i)      is in custody; or

(ii)     declares on Florida Rule of General Practice and Judicial Administration Form 2.601, under penalty of perjury, that the party does not have an e-mail account or does not have regular access to the Internet. The clerks of court must make this form available to the public at their offices and on their websites.

(B)     ~~leaving it at the attorney's or party's office with a clerk or other person in charge thereof,~~Other Electronic Service.

(i)      If a document is filed using an electronic court filing facility other than the portal, or if the document will be electronically served but not filed, service must be made by attaching the document in PDF format to an e-mail message and transmitting it to the recipient's e-mail address(es).

(ii)     If an attorney cannot be served at the e-mail address in the signature block or if there is no e-mail address in the signature block, the attorney may be served at the attorney's official Florida Bar e-mail address.

(C)     ~~if there is no one in charge, leaving it in a conspicuous place therein,~~Format of E-mail Service. The title of the e-mail message serving a document must begin with "SERVICE OF COURT DOCUMENT" and be followed by the case number and a reasonable abbreviation of the style of the case. The body of the e-mail message must contain the style of the case, the title of the document, and the name and telephone number of the person serving the document. Service by e-mail is complete when sent.

(D)     ~~if the office is closed or the person to be served has no office, leaving it at the person's usual place of abode with some person of his or her family above 15 years of age and informing such person of the contents, or~~

(E)     ~~transmitting it by facsimile to the attorney's or party's office with a cover sheet containing the sender's name, firm, address, telephone number, and facsimile number, and the number~~

- 20 -

of pages transmitted. When service is made by facsimile, a copy must also be served by any other method permitted by this rule. Facsimile service occurs when transmission is complete.

(F) Service by delivery is deemed complete on the date of delivery.

(3) *Service of Paper Documents.*

(A) An unrepresented party who is in custody or who has signed the declaration on Form 2.601 may serve paper documents.

(B) A paper copy must be served on an unrepresented party if that party is not a Florida Bar member or an attorney who has been admitted pro hac vice and the party:

(i) is in custody;

(ii) signed the declaration on Form 2.601; or

(iii) has failed to register for the portal or designate an e-mail address for service.

The failure of a judge, magistrate, clerk, or other court official to serve a paper copy of a judgment or order in compliance with this subdivision does not affect the validity of the judgment or order, its finality, or any proceedings arising in the action.

(C) When service of paper is permitted or required, the paper must be served by hand delivery, United States mail, or other commercial delivery service at the address where process was served unless a court or the party designated a different address. Service by mail is complete on mailing. Service by delivery is complete on the day of delivery.

**(c)** **Service; Numerous Defendants.** In actions when the parties are unusually numerous, the court may regulate the service

- 21 -

contemplated by these rules on motion or on its own initiative in such manner as may be found to be just and reasonable.

**(d)** **Filing** **Service on Judge or Other Court Official**. All documents must be filed with the court either before service or immediately thereafter, unless otherwise provided for by general law or other rules. If the original of any bond or other document required to be an original is not placed in the court file or deposited with the clerk, a certified copy must be so placed by the clerkDocuments filed under rule 2.525 must not be served on the judge or other court official under this rule unless service is required by a statute, rule, administrative order, or court order. If permitted, service on a judge or other court official must be made electronically under subdivision (b) and the Florida Courts Technology Standards.

**(ed)** **Filing Defined.** The filing of documents with the court as required by these rules must be made by filing them with the clerk in accordance with rule 2.525, except that the judge may permit documents to be filed with the judge, in which event the judge must note the filing date before him or her on the documents and transmit them to the clerk. The date of filing is that shown on the face of the document by the judge's notation or the clerk's time stamp, whichever is earlier**Oversized Documents.** For any document that must be served but is too large for portal or e-mail service, the party must serve the document in compliance with the Florida Courts Technology Standards.

**(fe)** **Technical Standards.** Service must comply with the Florida Courts Technology Standards but noncompliance with technical requirements does not invalidate service unless the court so orders.

**(f)** **Certificate of Service.** When any attorney certifies in substanceA person establishes prima facie proof of service by including the following:

(1) certification;

(2) date of service;

(3)     name(s) of person(s) served

(4)     service address(es); and

(5)     method of service.

The following sample certificate complies with this rule:

"I certify that on ….(date)….this ~~the foregoing~~ document has been furnished to (here insert name(s) ~~or names,~~and service address(es) ~~used for service, and mailing addresses~~) by (here insert method of service such as portal, e-mail), (delivery), or (mail). ~~(fax) on ..... (date) .....~~

_____

Attorney at Law"

~~the certificate is taken as prima facie proof of such service in compliance with this rule.~~

**(g)     Service by Clerk.** ~~When the clerk is required to serve notices and other documents, the clerk may do so by e-mail as provided in subdivision (b)(1) or by any other method permitted under subdivision (b)(2). Service by a clerk is not required to be by e-mail.~~

**(h)     Service of Orders.**

~~(1)     A copy of all orders or judgments must be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment. No service need be made on parties against whom a default has been entered except orders setting an action for trial and final judgments that must be prepared and served as provided in subdivision (h)(2). The court may require that orders or judgments be prepared by a party, may require the party to furnish the court with stamped, addressed envelopes for service of the order or judgment, and may require that proposed orders and judgments be furnished to all parties before entry by the court of the order or judgment. The court may serve~~

~~any order or judgment by e-mail to all attorneys and parties not represented by an attorney who have not been excused from e-mail service.~~

~~(2) When a final judgment is entered against a party in default, the court must mail a conformed copy of it to the party. The party in whose favor the judgment is entered must furnish the court with a copy of the judgment, unless it is prepared by the court, with the address of the party to be served. If the address is unknown, the copy need not be furnished.~~

~~(3) This subdivision is directory and a failure to comply with it does not affect the order or judgment, its finality, or any proceedings arising in the action.~~

## RULE 2.520. DOCUMENTS

**(a)** ~~**Electronic**~~**Documents Created for Filing** ~~**Mandatory**~~. ~~All documents filed in any court shall be filed by electronic transmission in accordance with rule 2.525. "Documents" means pleadings, motions, petitions, memoranda, briefs, notices, exhibits, declarations, affidavits, orders, judgments, decrees, writs, opinions, and any paper or writing submitted to a court.~~<u>Documents that are created for filing under rule 2.525 or service under rule 2.516 must comply with the formatting requirements of this subdivision.</u>

<u>Documents must be prepared as follows:</u>

<u>(1) page size must be 8 1/2 by 11 inches (letter size);</u>

<u>(2) pages must be consecutively numbered;</u>

<u>(3) pages must have at least a 1-inch margin on all sides;</u>

<u>(4) for documents that will be recorded in the official records, pages must also have a 3-inch by 3-inch blank space at the top right hand corner on the first page;</u>

<u>(5) font size must be no less than 12-point.</u>

- 24 -

**(b)** ~~Type and Size~~<u>Electronic Documents</u>. ~~Documents subject to the exceptions set forth in rule 2.525(d) shall be legibly typewritten or printed, on only one side of letter sized (8 1/2 by 11 inch) white recycled paper with one inch margins and consecutively numbered pages. For purposes of this rule, paper is recycled if it contains a minimum content of 50 percent waste paper. Reduction of legal-size (8 1/2 by 14 inches) documents to letter size (8 1/2 by 11 inches) is prohibited. All documents filed by electronic transmission shall comply with rule 2.526 and be filed in a format capable of being electronically searched and printed in a format consistent with the provisions of this rule~~<u>Electronic documents must comply with the Florida Courts Technology Standards</u>.

**(c)** ~~Exhibits~~<u>Paper Documents</u>. ~~Any exhibit or attachment to any document may be filed in its original size~~<u>Paper documents must be legibly typewritten or printed on only one side on opaque, white, unglossed paper. Documents consisting of multiple pages should be held together by removable paper clips and must not be stapled or bound</u>.

**(d)** ~~Recording Space and Space for Date and Time Stamps~~<u>Exhibits</u>. <u>Documents that are not created by an attorney or unrepresented party for filing or service must be appended as exhibits to a document prepared under subdivision (a), unless another rule of court permits the document to be filed without a notice of filing, and are not subject to the requirements of subdivision (a).  Instead, the following requirements apply:</u>

(1) ~~On all documents prepared and filed by the court or by any party to a proceeding which are to be recorded in the public records of any county, including but not limited to final money judgments and notices of lis pendens, a 3-inch by 3-inch space at the top right-hand corner on the first page and a 1-inch by 3-inch space at the top right-hand corner on each subsequent page shall be left blank and reserved for use by the clerk of court.~~<u>*Exhibits to Electronic Document.* Exhibits that are attached to an electronic document must comply with the Florida Courts Technology Standards.</u>

(2)     ~~On all documents filed with the court, a 1-inch margin on all sides must be left blank for date and time stamps.~~*Exhibits Submitted for Filing with a Paper Document.* Any exhibit or attachment to any paper document may be attached in its original size.

~~(A)     Format. Date and time stamp formats must include a single line detailing the name of the court or Portal and shall not include clerk seals. Date stamps must be 8 numerical digits separated by slashes with 2 digits for the month, 2 digits for the day, and 4 digits for the year. Time stamps must be formatted in 12-hour time frames with a.m. or p.m. included. The font size and type must meet the Americans with Disabilities Act requirements.~~

~~(B)     Location. The Portal stamp shall be on the top left of the document. The Florida Supreme Court and district courts of appeal stamps shall be on the left margin horizontally. Any administrative agency stamp shall be on the right margin horizontally. The clerk's stamp for circuit and county courts shall be on the bottom of the document.~~

~~(C)     Paper Filings. When a document is filed in paper as authorized by rule, the clerk may stamp the paper document in ink with the date and time of filing instead of, or in addition to, placing the electronic stamp as described in subdivision (B). The ink stamp on a paper document must be legible on the electronic version of the document, and must neither obscure the content or other date stamp, nor occupy space otherwise reserved by subdivision (B).~~

**(e)     ~~Exceptions to Recording Space~~Verification Not Required.** ~~Any documents created by persons or entities over which the filing party has no control, including but not limited to wills, codicils, trusts, or other testamentary documents; documents prepared or executed by any public officer; documents prepared, executed, acknowledged, or proved outside of the State of Florida; or documents created by State or Federal government agencies, may be filed without the space required by this rule~~Unless

otherwise specially provided by a court, order, rule, or statute, documents need not be sworn, notarized, or verified.

**(f)** ~~**Noncompliance.** No clerk of court shall refuse to file any document because of noncompliance with this rule. However, upon request of the clerk of court, noncomplying documents shall be resubmitted in accordance with this rule.~~

## Court Commentary

[No Change]

## RULE 2.525. ~~ELECTRONIC~~ FILING

**(a)** ~~**Definition**~~**Official Court File.** ~~"Electronic transmission of documents" means the sending of information by electronic signals to, by or from a court or clerk, which when received can be transformed and stored or transmitted on paper, microfilm, magnetic storage device, optical imaging system, CD-ROM, flash drive, other electronic data storage system, server, case maintenance system ("CM"), electronic court filing ("ECF") system, statewide or local electronic portal ("e-portal"), or other electronic record keeping system authorized by the supreme court in a format sufficient to communicate the information on the original document in a readable format. Electronic transmission of documents includes electronic mail ("e-mail") and any internet-based transmission procedure, and may include procedures allowing for documents to be signed or verified by electronic means~~The official court file is a set of electronic documents docketed and stored in a computer system maintained by the clerk under this rule. Documents in the official court file are originals for all purposes except as otherwise provided by statute or rule.

**(b)** ~~**Application**~~**Portal Filing.** ~~Only the electronic filing credentials of an attorney who has signed a document may be used to file that document by electronic transmission. Any court or clerk may accept the electronic transmission of documents for filing and may send documents by electronic transmission after the clerk, together with input from the chief judge of the circuit, has obtained approval of procedures, programs, and standards for electronic~~

- 27 -

filing from the supreme court ("ECF Procedures"). All ECF Procedures must comply with the then-current e-filing standards, as promulgated by the supreme court in Administrative Order No. AOSC09-30, or subsequent administrative order.

(1) Attorneys must file through the portal or other designated electronic court filing facility according to its instructions.

(2) An unrepresented party who is not a member of The Florida Bar or an attorney admitted pro hac vice may elect to file through the portal or other designated electronic court filing facility by registering with the portal or designated electronic court filing facility according to its instructions. Once the election is made, it may not be withdrawn without leave of court.

(3) No other method of filing is permitted except as provided in subdivision (c) of this rule or otherwise authorized by the Florida Courts Technology Standards.

**(c) Documents ~~Affected~~Submitted to Clerk for Filing.**

(1) ~~All documents that are court records, as defined in rule 2.430(a)(1), must be filed by electronic transmission provided that~~A paper document may be submitted to the clerk for filing, which the clerk will convert to electronic format, if the:

(A) ~~the clerk has the ability to accept and retain such documents~~document is submitted for filing by an unrepresented party who has not elected to participate electronically in accordance with subdivision (b)(2) or who has obtained leave of court to withdraw the election;

(B) ~~the clerk or the chief judge of the circuit has requested permission to accept documents filed by electronic transmission~~document is submitted for filing by a judge, magistrate, clerk, or other court official; ~~and~~

(C) ~~the supreme court has entered an order granting permission to the clerk to accept documents filed by~~

~~electronic transmission~~document is accepted for filing by a judicial officer in open court or in chambers, in which case the judicial officer must note the date of receipt on the document and submit it to the clerk for filing;

(D)     filing of the original paper document is required by order, rule, or statute; or

(E)     court so orders.

(2)     ~~The official court file is a set of electronic documents stored in a computer system maintained by the clerk, together with any supplemental non-electronic documents and materials authorized by this rule. It consists of:~~Unless prohibited by order, rule, or statute, after conversion to an electronic form, the clerk will dispose of paper documents submitted for filing or return them to the filer if the filer provides a self-addressed postage-prepaid envelope to the clerk at the time of submission.

~~(A)     documents filed by electronic transmission under this rule;~~

~~(B)     documents filed in paper form under subdivision (d) that have been converted to electronic form by the clerk;~~

~~(C)     documents filed in paper form before the effective date of this rule that have been converted to electronic form by the clerk;~~

~~(D)     documents filed in paper form before the effective date of this rule or under subdivision (d), unless such documents are converted into electronic form by the clerk;~~

~~(E)     electronic documents filed pursuant to subdivision (d)(5); and~~

~~(F)     materials and documents filed pursuant to any rule, statute or court order that either cannot be converted into electronic form or are required to be maintained in paper form.~~

(3)   ~~The documents in the official court file are deemed originals for all purposes except as otherwise provided by statute or rule.~~

(4)   ~~Any document in paper form submitted under subdivision (d) is filed when it is received by the clerk or court and the clerk shall immediately thereafter convert any filed paper document to an electronic document. "Convert to an electronic document" means optically capturing an image of a paper document and using character recognition software to recover as much of the document's text as practicable and then indexing and storing the document in the official court file.~~

(5)   ~~Any storage medium submitted under subdivision (d)(5) is filed when received by the clerk or court and the clerk shall immediately thereafter transfer the electronic documents from the storage device to the official court file.~~

(6)   ~~If the filer of any paper document authorized under subdivision (d) provides a self-addressed, postage-paid envelope for return of the paper document after it is converted to electronic form by the clerk, the clerk shall place the paper document in the envelope and deposit it in the mail. Except when a paper document is required to be maintained, the clerk may recycle any filed paper document that is not to be returned to the filer.~~

(7)   ~~The clerk may convert any paper document filed before the effective date of this rule to an electronic document. Unless the clerk is required to maintain the paper document, if the paper document has been converted to an electronic document by the clerk, the paper document is no longer part of the official court file and may be removed and recycled.~~

**(d)   ~~Exceptions~~Notarized and Verified Documents**. ~~Paper documents and other submissions may be manually submitted to the clerk or court:~~If a document is sworn, notarized, or verified, the jurat or other act of verification may either be electronically created as permitted by law and in accordance with the Florida Courts Technology Standards, or may initially be committed to paper, scanned, and filed, either as part of an electronically filed document

or with a cover page containing the style of the case, name of the document, and certificate of service.

(1) when the clerk does not have the ability to accept and retain documents by electronic filing or has not had ECF Procedures approved by the supreme court;

(2) for filing by any self-represented party or any self-represented nonparty unless specific ECF Procedures provide a means to file documents electronically. However, any self-represented nonparty that is a governmental or public agency and any other agency, partnership, corporation, or business entity acting on behalf of any governmental or public agency may file documents by electronic transmission if such entity has the capability of filing document electronically;

(3) for filing by attorneys excused from e-mail service in accordance with rule 2.516(b);

(4) when submitting evidentiary exhibits or filing non-documentary materials;

(5) when the filing involves documents in excess of the appropriate size limitations specified in the Florida Supreme Court Standards for Electronic Access to the Court. For such filings, documents may be transmitted using an electronic storage medium that the clerk has the ability to accept, which may include a CD-ROM, flash drive, or similar storage medium;

(6) when filed in open court, as permitted by the court;

(7) when paper filing is permitted by any approved statewide or local ECF procedures; and

(8) if any court determines that justice so requires.

**(e)** ~~**Service**~~**Filed Date and Time**. A successfully filed document's file date and time is the earlier of the date and time:

(1)     ~~Electronic transmission may be used by a court or clerk for the service of all orders of whatever nature, pursuant to rule 2.516(h), and for the service of any documents pursuant to any ECF Procedures, provided the clerk, together with input from the chief judge of the circuit, has obtained approval from the supreme court of ECF Procedures containing the specific procedures and program to be used in transmitting the orders and documents. All other requirements for the service of such orders must be met.~~ stamp applied to the document by the portal or other designated electronic court filing facility;

(2)     ~~Any document electronically transmitted to a court or clerk must also be served on all parties and interested persons in accordance with the applicable rules of court~~applied to the document by the clerk's manual stamp for documents filed under subdivision (c)(1)(A) or (c)(1)(B); or

(3)     applied to the document pursuant to subdivision (c)(1)(C).

**(f)     ~~Administration~~Docketing by Clerk; Unsuccessful Filing Attempt; Noncompliant Electronic Documents; Corrections Queue.** When a document is submitted for filing under subdivision (b) or (c), the clerk is obligated to make it part of the official court file and index it in the progress docket of the case unless subdivision (f)(1) applies.

(1)     ~~Any clerk who, after obtaining supreme court approval, accepts for filing documents that have been electronically transmitted must~~A submitted document will be placed into a correction queue and will not be docketed only if it:

(A)     ~~provide electronic or telephonic access to its equipment, whether through an e-portal or otherwise, during regular business hours, and all other times as practically feasible~~is filed after a case number is assigned and lacks a correct case number and the correct case number cannot be reliably and easily identified;

- 32 -

(B)     ~~accept electronic transmission of the appropriate size limitations specified in the Florida Supreme Court Standards for Electronic Access to the Court~~lacks a case style or has the wrong case style; ~~and~~

(C)     ~~accept filings in excess of the appropriate size limitations specified in the Florida Supreme Court Standards for Electronic Access to the Court by electronic storage device or system, which may include a CD-ROM, flash drive, or similar storage system.~~consists of multiple documents filed as 1 document;

(D)     consists of a multi-page document filed as separate documents;

(E)     is a proposed order, unless it is filed under a notice of filing for purposes of preserving a record;

(F)     is illegible, corrupt, or blank; or

(G)     is barred by order of court or is otherwise incapable of being filed in the clerk's case maintenance system.

(2)     ~~All attorneys, parties, or other persons using this rule to file documents are required to make arrangements with the court or clerk for the payment of any charges authorized by general law or the supreme court before filing any document by electronic transmission.~~If subdivision (f)(1) applies and the relevant case can be identified, the clerk, portal, or other designated electronic court filing facility will immediately notify the filer and all persons initially served with that document specifying the reason the filing was unsuccessful and has been placed in the correction queue. The filer will be responsible for notifying a party participating in paper form under subdivision (c) of this rule. If the relevant case cannot be determined, the clerk will notify the person who submitted the document. The clerk, portal, or other designated electronic court filing facility will hold the document in the correction queue for an additional 30 days from the date the filer was notified of the unsuccessful filing. During those 30 days, the person who submitted it may:

- 33 -

(A)  file a new document that remedies the reasons stated in the notice but is otherwise substantially identical, which if successfully filed, relates back to the date of the unsuccessful filing attempt and permits disposal of the document in the correction queue;

(B)  file a motion for review of the clerk's action, attaching a copy of the document, in which case the clerk, portal, or other designated electronic court filing facility must hold the document until the motion is decided by the court; or

(C)  take no action under subdivisions (f)(2)(A) or (f)(2)(B), thereby abandoning the document.

(3)  ~~The filing date for an electronically transmitted document is the date and time that such filing is acknowledged by an electronic stamp or otherwise, pursuant to any procedure set forth in any ECF Procedures approved by the supreme court, or the date the last page of such filing is received by the court or clerk~~Except for the reasons set forth in subdivision (f)(1) of this rule, the clerk will docket all documents submitted for filing. The clerk may note if it appears a document was not submitted in compliance with rules of procedure in its associated docket entry, at which point the court may strike the noncompliant document.

(4)  ~~Any court or clerk may extend the hours of access or increase the page or size limitations set forth in this subdivision.~~

**(g)  Accessibility.** ~~All documents transmitted in any electronic form under this rule must comply with the accessibility requirements of Florida Rule of Judicial Administration 2.526.~~

### Court Commentary

**2025 Amendment.** This rule prohibits docketing of proposed orders unless they are submitted under a notice of filing for the purpose of preserving a record. This prohibition is required because a proposed order submitted for a judge's signature is not intended to be filed and docketed until signed by the judge.

**1997 Amendment.** [No Change]